UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN BRYANT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-01051-GCS |
| | ) |
| **STEVEN PORTELL** | ) |
| and | ) |
| **AMERICA'S PARKING** | ) |
| **REMARKING, INC.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Plaintiff's motion to deem medical bills admitted (Doc. 62, 67). Plaintiff contends that the medical bills incurred to date are casually related to the accident at issue, that Plaintiff's medical examiner does not refute the reasonableness of the cost of the cervical surgery and that the charges have been paid and therefore are presumed reasonable. On August 23, 2022, the Court held argument on the motion, took the motion under advisement and allowed Defendant to file a written response. (Doc. 65). Defendant opposes the motion. (Doc. 66).

As the Court finds that the motion is not proper, the Court **DENIES** the motion. Under Illinois law, "[i]n order to recover for medical expenses, the plaintiff must prove that he or she has paid or become liable to pay a medical bill, that he or she necessarily incurred the medical expenses because of injuries resulting from the defendant's

negligence, and that the charges were reasonable for services of that nature." *Arthur v. Catour*, 833 N.E.2d 847, 853 (Ill. 2005). "When evidence is admitted, through testimony or otherwise, that a medical bill was for treatment rendered and that the bill has been paid, the bill is *prima facie* reasonable." *Id.* "In a case in which the plaintiff seeks to admit a bill that has not been paid in whole or in part, he or she must establish reasonableness by other means--such as by introducing the testimony of someone having knowledge of the services rendered and the reasonable and customary charge for such services." *Wills v. Foster*, 892 N.E.2d 1018, 1025 (Ill. 2008). Expert testimony is required to establish the reasonableness of unpaid medical bills. *See Battle v. O'Shaughnessy*, No. 11 C 1138, 2012 WL 4754747, at *4 (N.D. Ill. Oct. 4, 2012).

Here, Plaintiff must lay the proper foundation as to the reasonableness of these medical bills during trial as this is an issue for the jury to determine. If the medical bills have been paid as the Plaintiff so contends, Plaintiff should present this evidence at the jury trial in this matter. Plaintiff can do this through a number of means with the easiest being his own testimony. Plaintiff could also present this evidence through the submission of the medical bills themselves with the appropriate stipulation from the opposing party. Finally, if there is no stipulation, the Plaintiff could simply present the medical bills through the appropriate custodian of records, an expert, or any combination thereof. Once that foundation is laid, then the *prima facie* reasonableness of such bills will have been established. However, the reasonableness of such bills could still be countered by the Defendant with appropriate evidence, which would typically be done through expert testimony. If there are any unpaid medical bills, the Plaintiff will have to establish

the reasonableness of such bills through expert testimony. Accordingly, the Court **DENIES** Plaintiff's motion to deem medical bills admitted. (Doc. 62).

I**T IS SO ORDERED.**

**DATED:  November 18, 2022.**

Digitally signed by
Judge Sison 2
Date: 2022.11.18
11:42:10 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**